UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DIVISION

CASE NO. 17-CV-23985-FAM

MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiff,

v.

HANOVER INSURANCE COMPANY,

    Defendant.
_____/

### PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [D.E. 60]

Plaintiff's Motion for Leave, [D.E. 60], and proposed Third Amended Complaint, [D.E. 60-1], end any legitimate, good faith challenge to Plaintiff's ownership of the Assigned Claims, the status of Plaintiff's assignor as a Medicare Advantage Organization, and whether the defendant (as substituted) acknowledges its primary payer responsibility for the Representative Claim. In doing so, the amendment will streamline the issues in this action and advance the Parties and this Court toward a decision on the merits – an outcome strongly preferred in this District and one that serves the litigants' best interests. *See Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) ("[The U.S. Court of Appeals for the Eleventh Circuit] expresses a strong preference that cases be heard on the merits").

Defendant's Response in Opposition, [D.E. 61], leans heavily on Judge Seitz's decision in *MSP Recovery Claims, Series LLC v. Auto-Owners Ins. Co.*, Case No. 17-cv-23841-PAS, 2018 U.S. Dist. LEXIS 69723, *1 (S.D. Fla. Apr. 25, 2018), and Judge McDade's ruling in *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, Case No. 17-cv-01541-JBM, 2018 U.S. Dist. LEXIS 95789, *1 (C.D. Ill. June 7, 2018). As an initial matter, the supplemental affidavit of

1

Michael Keeler, dated June 1, 2018, as well as the *nunc pro tunc* Assignment and Addendum to the Recovery Agreement were not at issue in the *Auto-Owners* case. *See Auto-Owners*, 2018 U.S. Dist. LEXIS 69723 at *12. More importantly though, both decisions turn on the assumption that—prior to the filing of this action—Health First Administrative Plans, Inc. ("HFAP") attempted to assign only *its own* rights of recovery under the Medicare Secondary Payer Act and only *in its own name*. *See id.* at 13-14 ("Plaintiff appears to argue that HFAP can step into the shoes of Health First Health Plans, Inc. to bring this claim" and "HFAP cannot assign rights to Plaintiff that were not assigned to it in the first place."); *see State Farm Mut.*, 2018 U.S. Dist. LEXIS 95789 at *8 (same). The affidavits and *nun pro tunc* Assignment (incorporated into the proposed Third Amended Complaint) show that assumption is fundamentally wrong.

The intent of the parties governs whether a particular document or transaction creates an assignment. *In re Armando Gerstel, Inc.*, 65 B.R. 602, (S.D. Fla. 1986). In determining that intent, a court examines the practices of the parties, their objectives, their business practice and their relationship. *Id.* (citing *Major's Furniture Mart, Inc. v. Castle*, 602 F.2d 538 (3d Cir. 1979). The amendment shows that Health First Health Plans, Inc. ("HFHP"), which is a Medicare Advantage Organization ("MAO"), assigned its rights to recover under the Medicare Secondary Payer Act to MSP Recovery, LLC on April 28, 2016. Those rights included the right to pursue the representative claim at issue in this lawsuit. The original Recovery Agreement evidencing that assignment was executed by HFHP's administrator, HFAP, by virtue of the companies' relationship and standard business practices. The intent of both HFHP and HFAP to assign the Assigned Claims by virtue of the April 28, 2016 Recovery Agreement is <u>uncontroverted and indisputable</u>. That intent governs.

2

Further to that point, the amendment clarifies that:

- HFAP performs all administrative functions on behalf of HFHP. *See* D.E. 60-7 at ¶ 3.

- HFHP has no employees, acts solely through its corporate officers, and relies on HFAP for administrative functions and operations. *Id.* at ¶ 5.

- Michael Keeler is the Chief Operating Officer of both HFAP and HFHP. *Id.* at 1. Mr. Keeler and other officers, in the name of HFAP, regularly conduct business and execute contracts on behalf of HFHP, because that is the fully authorized function of HFAP. *Id.* at ¶ 8.

- The only purpose of executing the Recovery Agreement was to empower MSP recovery to pursue the recovery rights of HFHP, the Medicare Advantage Organization affiliated with HFAP. *Id.* at ¶ 7.

- And, the claims data that was transferred and delivered to MSP Recovery encompassed claims and payments made by HFHP for and on behalf of its beneficiaries. *Id.* at ¶ 10.

The Assignment, *nunc pro tunc*, further memorializes, ratifies, and clarifies the assignment which took place in April 2016 between HFHP and MSP Recovery, LLC. *See* D.E. 60-7 at 7. HFHP, through its Chief Operating Officer, has detailed precisely why the original Recovery Agreement was executed by HFAP and has resolved all doubt as to (1) Plaintiff's ownership of the Assigned Claims, and (2) whether Plaintiff's assignor was an MAO with standing to pursue a private action under 42 U.S.C. § 1395y(b)(3). Far from futile, the proposed Third Amended Complaint plainly and sufficiently alleges Plaintiff's standing to recover conditional payments made on behalf of Massachusetts Bay Insurance Company's ("Mass Bay") insured.

In light of the facts, Defendant's attack on the *nunc pro tunc* Assignment as a "substantive" change falls flat. *See* D.E. 61 at 5. The *substance* of the assignment between HFHP and MSP Recovery, LLC remains the same to this day. That *substance* is the Assigned Claims – which were delivered by HFHP to MSP Recovery, LLC shortly after the agreement was executed. *See* D.E. 60-1 at ¶ 17. The *nunc pro tunc* Assignment establishes Plaintiff's standing, solves the confusion

3

generated by the business practices of HFAP and HFHP, and brings this case squarely within the holdings of the extensive authority detailed in Plaintiff's Motion for Leave. *See, e.g., LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 211, 215 (D. Del. 2006); *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1190 (S.D. Ala. 2007); *Southwest Efuel Network, LLC v. Transaction Tracking Tech., Inc.*, 2009 WL 4730464, *1 (E.D. Tex. Dec. 7, 2009). HFHP and HFAP's *actual* intent to assign the Assigned Claims, including the representative claim, controls and supports Plaintiff's standing to sue. Defendant fails to address that intent in any meaningful way.

Defendant's attempt to liken this case to *Covington* and *Allstate* is baseless and misleading. *See* D.E. 61 at 7 referencing *MSPA Claims 1, LLC v. Covington Specialty Ins. Co.*, 212 F. Supp. 3d 1250 (S.D. Fla. 2016) and *MSP Recovery, LLC v. Allstate Ins. Co.*, 276 F. Supp. 3d 1311, 1316 (S.D. Fla. 2017). Both cases concerned an assignment from Florida Healthcare Plus ("FHCP"), a Health Maintenance Organization. FHCP was placed in receivership <u>and the Department of Financial Services, in its capacity as Receiver, formally repudiated that assignment</u>. *See Covington*, 212 F. Supp. 3d at 1257-58. As a result, the courts found the assignment to be invalid at the time the action commenced. Those cases did not concern a *nunc pro tunc* assignment. Moreover, the *Covington* and *Allstate* plaintiffs did not present extensive sworn testimony from the assignor's chief operating officer confirming the validity and effectiveness of the assignment from the date of execution. Those cases are wholly inapposite.

Defendant's arguments regarding substitution likewise ring hollow. Defendant does not refute that either Defendant, or its subsidiary on its behalf, reported primary payer responsibility for the September 4, 2016 incident involving "M.I." to CMS under the name <u>The Hanover Insurance Company</u>. *See* D.E. 60-4 at 2. Defendant had an affirmative, statutory obligation to accurately report primary payer responsibility. *See* Medicare, Medicaid and SCHIP Extension Act

4

of 2007, § 111; 42 C.F.R. 411.25.  Having directed Plaintiff and its assignor to recover from the Hanover Insurance Company, Defendant's delayed disclosure of the proper underwriter should not create grounds for dismissal.  That is precisely what Rule 15(c), Fed. R. Civ. P., is designed to avoid.

Defendant's characterization of the Mass Bay policy as liability rather than no-fault insurance contradicts its reporting and ignores common aspects of commercial liability policies.  Such policies often include MedPay clauses, which are considered no-fault insurance policies for the purposes of the Medicare Secondary Payer Act.  *See, e.g.,* Medicare Secondary Payer Manual, Section 10.5, https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/downloads/msp105c01.pdf (last visited July 12, 2018).  This fact is likely not lost on Defendant, who reported its primary payer responsibility under the Mass Bay policy as "Medicare Secondary, No Fault Insurance."  *See* D.E. 60-4 at 2.  Any dispute as to the nature of the policy must be resolved in Plaintiff's favor at this stage of the litigation.  *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 560 F. Supp. 2d 1221, 1229 (M.D. Fla. 2008) (at the pleading stage "allegations in a complaint are accepted as true and construed favorably to the plaintiff.").  Defendant has failed to raise any substantial grounds for denying Plaintiff's request for leave.

The precise issues raised in Plaintiff's Motion were brought before Judge Altonaga on June 29, 2018, in a similar matter presenting nearly identical facts.  *See MSP Recovery Claims, Series LLC v. United Services Automobile Association,* Case. No. 18-cv-21626-CMA, D.E. 35 (plaintiff's motion for leave) and D.E. 42 (the defendant's opposition raising similar arguments).  The court carefully considered the factors outlined in *Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017), hearing over two hours of argument on those issues.  Faced with the same

arguments raised by the Defendant here, the court determined that the proposed amendment would not be futile and that Plaintiff had not acted in bad faith or with undue delay.  The court granted the motion, noting Rule 15(a)'s mandate that leave to amend be liberally granted.  *See Bowers v. United States Parole Comm'n*, 760 F. 3d 1177, 1183-4 (11th Cir. 2014) ("unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").  The same outcome is appropriate here.

Defendant opposes Plaintiff's Motion for Leave and calls for dismissal of this case on technical grounds – but to what end?  Certainly, Plaintiff will re-file the action and the parties will be placed right back where they are now.  *See Gipson,* 511 F. Supp. 2d at 1192 ("It would make no sense to punish the plaintiffs for poor draftsmanship in an assignment by forcing ChemTech to endure the hassle and expense of filing a new lawsuit . . . .").  Importantly, Defendant does not contest that HFHP is an MAO or that Mass Bay issued a policy providing primary coverage for M.I.'s accident-related medical expenses.  Further, Defendant does not claim that those expenses have been reimbursed in any way.  That is exactly what this case is about.  *See Humana Med. Plan, Inc. v. Western Heritage Ins. Co.*, 832 F.3d 1229, 1239 ("Thus, a plaintiff is entitled to summary judgment on a § 1395y(b)(3)(A) claim when there is no genuine issue of material fact regarding (1) the defendant's status as a primary plan; (2) the defendant's failure to provide for primary payment or appropriate reimbursement; and (3) the damages amount.").  As such, Plaintiff should be granted leave to proceed with its Third Amended Complaint and litigate its case on the merits.

Dated: July 12, 2018

                              Respectfully submitted,

                              **ARMAS BERTRAN PIERI**
*Counsel for Plaintiff*
4960 SW 72nd Avenue
Miami, FL 33155
Telephone: (305) 461-5100
Email: alfred@armaslaw.com
       ebertran@armaslaw.com
       nmarrero@armaslaw.com
       barbi@armaslaw.com
       fzincone@armaslaw.com

By:/s/ *Francesco A. Zincone*
J. Alfredo Armas, Esq., Fla. Bar No. 360708
Eduardo E. Bertran, Esq., Fla. Bar No. 94087
Natalia Marrero, Esq., Fla. Bar No. 127583
Francesco Zincone, Esq., Fla. Bar No. 100096


**MSP RECOVERY LAW FIRM**
*Counsel for Plaintiff*
5000 SW 75 Avenue, Suite 300
Miami, Florida 33155
Phone: (305) 614-2222

By:  /s/ *Gino Moreno*
Gino Moreno, Fla. Bar No. 112099
Email: gmoreno@msprecovery.com
       serve@msprecovery.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically using the CM/ECF filing system on July 12, 2018 on all counsel or parties of record.

                              */s/ Francesco A. Zincone*