UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-23985-CIV-MORENO

MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiff,

vs.

THE HANOVER INSURANCE COMPANY, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND DENYING MOTIONS TO DISMISS AS MOOT

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to File Third Amended Complaint **(D.E. 60)**, filed on **June 22, 2018** and Defendant's Motions to Dismiss **(D.E. 36, 37)** filed on **February 15, 2018**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion for leave is GRANTED and the motions to dismiss are DENIED as moot. Plaintiff may file the Third Amended Complaint by no later than August 13, 2018.

Plaintiff, MSP Recovery Claims, is moving to amend its Second Amended Complaint to change the named Defendant, Hanover Insurance, to Defendant's subsidiary, since the subsidiary underwrites the insurance policy at issue in this case. The Plaintiff is also seeking to cure the standing deficiency, raised in the pending motion to dismiss, with a *nunc pro tunc* assignment. Defendant opposes the motion for leave arguing futility and lateness. "Generally, the district

court must give at least one chance to amend before dismissing with prejudice but need not give that chance when (1) "'there has been undue delay, bad faith, dilatory motive or repeated failure to cure deficiencies by amendments previously allowed'; (2) 'allowing amendment would cause undue prejudice to the opposing party'; or (3) 'amendment would be futile.'" *Lucas v. USAA Casualty Ins. Co.*, 716 F. App'x 866, 870 (11th Cir. 2017) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

In *MSP Recovery Claims, Series LLC, v. United Services Automobile Assoc.*, No. 18-21626-CIV-Altonaga (June 29, 2018), Judge Altonaga analyzed the issues presented in a motion for leave to amend. Like this case, the plaintiff in *United Services Automobile* had already filed two amended complaints and was seeking leave to file a third amended complaint. In that case, the defendant also argued, like here, that the plaintiff should not be allowed to swap the defendant and the purported assignor so late in the litigation. In addition, the defendant, United Services Automobile, like Hanover here, argued the plaintiff should file a new lawsuit to name the proper defendant and the case should be dismissed. The defendants in both cases also argue that amendment is futile because the plaintiff did not have standing at the commencement of the lawsuit and the plaintiff could not cure the jurisdictional defect without filing a new suit. After considering these arguments, Judge Altonaga in *United Services Automobile Assoc.* granted the motion for leave to amend, presumably disagreeing with the defendant's arguments that amendment would be futile.

Hanover here is also arguing that Plaintiff's standing defect could not be cured by the purported amendment. Plaintiff responds that the substance of the assigned claim is the same and that the *nunc pro tunc* assignment confirms the intent of the parties and solves the standing issue. At this juncture, it appears the parties have a legitimate disagreement as to whether the

2

*nunc pro tunc* assignment cures the standing issue. Defendant also argues that the purported amendment to swap the assignor and the named Defendant fails to cure all the pleading deficiencies described in the motion to dismiss. While that might be true, the Defendant would get another chance to make those arguments in a renewed motion to dismiss and Rule 15 favors the courts making decisions on the merits. The Court, therefore, finds in favor of allowing the Plaintiff leave to amend its complaint.

Although the Court will allow the Plaintiff to file an Amended Complaint, the Court notes that the Defendant's lateness argument does not fall on deaf ears. Defendant relies on *Wall Street Mortgage Bankers Ltd. v. Attorneys Title Ins. Fund, Inc.*, 2009 WL 10668938 (S.D. Fla. Nov. 12, 2009) to argue that Plaintiff has provided no reason for the delay and therefore, the Court should deny leave. In this case, this is the third time Plaintiff seeks to amend. The Plaintiff, however, alleges that the delay is due at least in part to the Defendant Hanover Insurance Co.'s failure to properly disclose the proper underwriter in this case. Accordingly, the Court will not rely on the Plaintiff's lateness as reason to deny the motion.

DONE AND ORDERED in Chambers at Miami, Florida, this ___5___ of August 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record